# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN PHILLIP SHUBERT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-CV-0089-CVE-TLW |
| ) | |
| ARTHUR LIGHTLE, Warden, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 8). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 10) to the motion to dismiss. For the reasons discussed below, the Court finds that the motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice as time barred.

### *BACKGROUND*

Petitioner challenges his conviction and sentence entered in Tulsa County District Court, Case No. CF-2013-5610. See Dkt. # 1. The record reflects that on August 15, 2014, the state district judge found Petitioner guilty of Second Degree Rape of a Female under 16, based on his plea of guilty, and sentenced him to seven (7) years imprisonment. See Dkt. # 9-4. In addition, Petitioner was sentenced to a term of post-imprisonment supervision for a period of nine (9) months to one (1) year. Id. Petitioner did not file a motion to withdraw his plea of guilty and did not perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 9-1 at 5-7.

On September 10, 2015, Petitioner filed a "motion for amended judgment and sentence." See id. at 8. By Order filed September 17, 2015, the state district judge denied the motion (Dkt. #

9-3). Petitioner appealed. By order filed December 30, 2015, in Case No. PC-2015-883, the OCCA adjudicated the appeal under the Oklahoma Post-Conviction Procedure Act and affirmed the denial of post-conviction relief (Dkt. # 9-2).

On February 12, 2016, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner raises the following grounds of error:

> Ground One:   Statute [Okla. Stat. tit. 22, § 991a-21] is in violation of ex post facto clause and should be repealed or amended.
>
> Ground Two:   Petitioner's sentence is in violation of the ex post facto clause of the constitution.

Id. at 4, 6. In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 8, 9.

### *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. 28 U.S.C. § 2244(d)(2).

Under 28 U.S.C. § 2244(d)(1)(A), this petition is time barred. Because Petitioner failed to file a motion to withdraw his guilty plea in Case No. CF-2013-5610, his conviction became final on August 25, 2014, ten (10) days after pronouncement of his Judgment and Sentence. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). When he failed to file a motion to withdraw his guilty pleas by August 25, 2014, his one-year federal limitations period began to run the next day, August 26, 2014. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after August 26, 2015, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner filed his petition on February 12, 2016, more than five (5) months beyond the deadline. Unless Petitioner is entitled to statutory or equitable tolling, his petition appears to be untimely.

The running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226

(10th Cir. 1998). Petitioner did not file his "motion for an amended judgment and sentence," adjudicated as an application for post-conviction relief, until September 10, 2015 – fifteen (15) days after the August 26, 2015 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, Petitioner's post-conviction proceeding did not toll the limitations period under 28 U.S.C. § 2244(d)(2).

In response to the motion to dismiss, Petitioner argues that, if his petition is dismissed, "a severe fundamental miscarriage of justice and irreparable harm" will result, not only to him, but to others affected by the allegedly unconstitutional statute. See Dkt. # 10 at 1. Petitioner also contends that his sentence is not "final" because it is an "indeterminate" sentence and it does not comply with the U.S. Constitution. Id. at 2-3, 5. Petitioner also argues that his one-year limitations period did not begin to run until "[j]ust prior to filing his Motion for Amended Judgment and Sentence on 9-10-2015," when he learned from a prison law clerk that his sentence violated the Oklahoma and U.S. Constitutions. Id. at 4. For the reasons set forth below, the Court rejects Petitioner's arguments.

First the Court finds no merit to Petitioner's claim that his sentence is not "final." Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." As discussed above, Petitioner's judgment and sentence became final when he failed to file a motion to withdraw his plea of guilty within ten (10) days of being sentenced in open court. After the passage of ten (10) days, Petitioner's ability to seek direct review of his judgment and sentence by the OCCA was foreclosed and, at that point, his judgment and sentence became "final."

Next, the Court rejects Petitioner's claim that his one-year limitations period did not begin to run until he learned that his sentence allegedly violates the Oklahoma and U.S. Constitutions. Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period may begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Here, the factual predicate of Petitioner's habeas claims could have been discovered through the exercise of due diligence when he entered his guilty plea and was sentenced on August 15, 2014. On that date, Petitioner knew that he had been sentenced to a term of post-imprisonment supervision. While it is possible that Petitioner did not understand the legal significance of the facts, the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he understand the legal significance of those facts. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he trigger in § 2244(d)(1)(D) is . . . discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"); see also Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Because Petitioner could have discovered the factual predicate of his claims through the exercise of due diligence when he entered his guilty plea and was sentenced in open court, the limitations period began running when his conviction became final, not when he claims to have later learned of the legal significance of the facts. See Jewell v. Cate, No. EDCV 10-00429 JVS (AN), 2010 WL 1540935, at *3 (C.D. Cal. Apr. 12, 2010) (unpublished)[1] (finding that factual predicate of claim alleging ex post facto application of sentencing statue was imposition of the petitioner's sentence).

---

[1] This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Lastly, Petitioner is not entitled to equitable tolling based on his claim that a "fundamental miscarriage of justice and irreparable harm" will result if his petition is dismissed. The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645, 649 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Significantly, "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation omitted).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. In the absence of diligence, Petitioner's claim that "a severe fundamental miscarriage of justice and irreparable harm" will result, not only to him, but to others affected by the allegedly unconstitutional statute, is insufficient to invoke entitlement to equitable tolling. The Court concludes that Petitioner is not entitled to equitable tolling. This petition is time-barred.

6

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 8) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

**DATED** this 27th day of September, 2016.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE